```
             UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF TEXAS
                 SAN ANTONIO DIVISION


TESORO REFINING AND MARKETING      )
COMPANY LLC,                       )
                                   )
          Plaintiff,               )
                                   )
     vs.                           ) Case No.: SA-13-CV-
                                   ) 931-DAE
NATIONAL UNION FIRE INSURANCE      )
COMPANY OF PITTSBURGH, PA,         )
                                   )
          Defendant.               )
                                   )



       VIDEOTAPED DEPOSITION OF DANIEL GARRIE
              Los Angeles, California
              Tuesday, October 7, 2014




Reported by:  Cheryl M. Parrish
Job No.: 10891
```

EXHIBIT D

10:52   1       Q    Now, very likely that's not a hundred
        2  percent certainty; correct?
        3       A    That is correct.
        4       Q    And -- and by "Leavell," that's somebody
10:52   5  signed in based upon -- or using Mr. Leavell's user
        6  name and password?
        7       A    And the other items we identified, but
        8  yes.  Correct.
        9       Q    You don't have any video of Mr. Leavell
10:52  10  actually creating any of the four documents?
       11       A    That -- that is correct.
       12       Q    You don't have any other physical evidence
       13  that Mr. Leavell's key -- fingers were on the
       14  keyboard at the time those documents were created?
10:53  15       A    That is correct.
       16            MR. BEGLAND:  This -- we're still
       17  consistent with the hypothetical that someone else
       18  has his password and his logon ID?
       19            MR. NEUMANN:  Correct.
10:53  20            MR. BEGLAND:  Okay.
       21  BY MR. NEUMANN:
       22       Q    All right.  Let me -- let me ask you about
       23  that while we're talking about it.
       24            Do you know whether Mr. Leavell ever
10:53  25  shared his password with anyone during 2007 or 2008,

10:53   1   or if -- strike that.
        2           Do you know whether Mr. Leavell ever
        3   shared his user name and password with anyone in
        4   2007 or 2008?
10:53   5       A   I had no conversations with Mr. Leavell,
        6   so I don't -- I -- I would not know.
        7           MR. BEGLAND:  He's asking you generally,
        8   whether it was Mr. Leavell or otherwise.
        9           Do you know whether he shared his
10:53  10   password?
       11           THE WITNESS:  I do not know whether or not
       12   he shared it.  I know that it would have been a
       13   direct violation of Tesoro's policies and procedures
       14   and that they were -- but I do not know with
10:54  15   certainty one way or the other.
       16   BY MR. NEUMANN:
       17       Q   Do you know any of the passwords that
       18   Mr. Leavell used in 2007 or 2008?
       19       A   Not off the top of my head.
10:54  20       Q   Do you have that information?
       21       A   I do not believe we do.  I believe that
       22   we -- I do not believe we do.
       23       Q   So you don't know how secure those
       24   passwords were?
10:54  25       A   I believe they were fairly secure.  They

10:54  1  made -- when we interviewed Tesoro's IT department,
       2  they made it a point to -- when we spoke to them,
       3  because we pushed them fairly hard on this, that
       4  they required certain passwords and to change them
10:54  5  and et cetera.
       6      Q    Okay.  Do you know how often Tesoro
       7  required passwords to be changed in 2007 and 2008?
       8      A    I cannot --
       9      Q    Do you know whether Mr. Leavell ever wrote
10:55 10  down his password and left it in a public place?
      11      A    I -- I do not.
      12      Q    Do you know whether Mr. Leavell ever
      13  allowed someone to sign into Tesoro's -- Tesoro's
      14  computer system using his user name and password?
10:55 15      A    I do not.
      16      Q    Do you know whether anyone besides
      17  Mr. Leavell ever used Mr. Leavell's user name and
      18  password in order to sign onto Tesoro's computer
      19  system?
10:55 20      A    I do not.
      21      Q    Mr. Garrie, you said you had something at
      22  11:00?
      23      A    Yes.
      24      Q    It's five minutes till.
10:55 25           Do you want to take a break?

| | | | |
|---|---|---|---|
| 10:55 | 1 | A | I -- I just need a -- a two-minute break. |
| | 2 | Q | Okay.  Do you need it right at 11:00 or -- |
| | 3 | A | Yeah. |
| | 4 | | Or I could take it right now.  It's fine. |
| 10:55 | 5 | Q | Well, it's up to you.  I'm just -- |
| | 6 | A | Could I just take a two-minute break right |
| | 7 | now -- | |
| | 8 | Q | Sure. |
| | 9 | A | -- or even a minute break is just fine. |
| 10:55 | 10 | | THE VIDEOGRAPHER:  Time is 10:56 a.m. |
| | 11 | We're off the video record. | |
| | 12 | | (Break taken.) |
| | 13 | | THE VIDEOGRAPHER:  Time is 10:58 a.m. |
| | 14 | We're back on the video record. | |
| 10:58 | 15 | BY MR. NEUMANN: | |
| | 16 | Q | Mr. Garrie, at the bottom of the -- this |
| | 17 | first full paragraph that starts "Our forensic | |
| | 18 | investigation" on page 2 of your -- of Exhibit | |
| | 19 | No. 188, the very last sentence says: | |
| 10:58 | 20 | | "The contemporaneous creation of |
| | 21 | | the documents followed by a |
| | 22 | | collective printing of the documents |
| | 23 | | provides further support for the |
| | 24 | | conclusion that a single individual |
| 10:58 | 25 | | created these documents." |

| | |
|---|---|
| 10:58   1 | <u>Now, that's a single individual with</u> |
| 2 | <u>Mr. Leavell's user name and password; correct?</u> |
| 3 | <u>    A    Correct.</u> |
| 4 | <u>    Q    So it could have been somebody other than</u> |
| 10:58   5 | <u>Mr. Leavell?</u> |
| 6 | <u>    A    If they had the technical sophistication,</u> |
| 7 | <u>yes.</u> |
| 8 |     Q    Well, and -- all they -- all they would |
| 9 | have needed to sign in and do the same thing that |
| 10:59  10 | Mr. Leavell was capable of doing was his user name |
| 11 | and password; correct? |
| 12 |             MR. BEGLAND:  Objection.  Incomplete |
| 13 | hypothetical. |
| 14 |             THE WITNESS:  So -- no.  You -- you would |
| 10:59  15 | need to -- as I said earlier, you would need to |
| 16 | either have the VPN credentials -- |
| 17 | BY MR. NEUMANN: |
| 18 |     Q    Okay. |
| 19 |     A    -- or -- |
| 10:59  20 |     Q    Wait.  I'm sorry to interrupt you, but |
| 21 | I -- I understand there's a lot of -- let's take |
| 22 | somebody else in the credit department to make it |
| 23 | easy, because I understand that you -- there would |
| 24 | be limitations to a member of the general public. |
| 10:59  25 | But let's talk about somebody else in Tesoro's |

```
11:03   1    forensics surrounding the creation of the four
        2    documents; correct?
        3            MR. BEGLAND:  He's asking about the
        4    opinion you're offering in this case.
11:03   5            THE WITNESS:  It pertains to the opinions
        6    I set forth in -- which covers Documents 1 --
        7    yeah -- that we previously defined as -- yes.  As we
        8    defined as documents, which is more than four.  It's
        9    Exhibits A through N.
11:03  10    BY MR. NEUMANN:
       11        Q    Understood.
       12            (Court reporter clarification.)
       13            THE WITNESS:  A through N, as in "Nancy."
       14    BY MR. NEUMANN:
11:03  15        Q    And from a computer forensics standpoint,
       16    it is possible that someone else with Mr. Leavell's
       17    user name and password created the four documents?
       18        A    Any -- yes.  Anything is possible, as I
       19    said before, subject to access credentials, facts,
11:03  20    and other pieces.  But anything is certainly
       21    possible.
       22        Q    By "access credentials," you mean access
       23    into Tesoro's building?
       24        A    And I mean access to the building and
11:04  25    access to the file -- just because you work at help
```

11:04  1   desk doesn't mean you have access to the credit file
       2   share or to Calvin Leavell's personal -- so you
       3   would need his credentials, his login.  And I
       4   believe that the machine, depending -- if it's
11:04  5   within the building, yes.  If it's outside the
       6   building, I don't know if the machines had to
       7   actually be authenticated prior to allowing access.
       8        Q    Okay.  So -- so it's possible that someone
       9   outside of the building with the appropriate VPN and
11:04 10   so forth who had otherwise had access to Cal
      11   Leavell's -- strike that -- to Tesoro's computer
      12   system, could use Cal Leavell's credentials to log
      13   onto Tesoro's computer system remotely?
      14        A    I don't know.
11:04 15        Q    You don't know one way or the other?
      16        A    I don't know with certainty one way or the
      17   other.
      18        Q    Do you know who had access to
      19   Mr. Leavell's computer?
11:05 20             MR. BEGLAND:  Physical access?
      21             MR. NEUMANN:  Yes.
      22             MR. BEGLAND:  He's asking you the physical
      23   configuration of the office, not login or passwords.
      24             THE WITNESS:  I have -- I don't know.
11:05 25   I -- I don't know -- I don't know the list of

1                DEPOSITION OFFICER'S CERTIFICATE
2
3   COUNTY OF LOS ANGELES    )
4   STATE OF CALIFORNIA      )
5
6        I, Cheryl M. Parrish, hereby certify:
7        I am a duly-qualified Certified Shorthand
8   Reporter in and for the State of California, holder
9   of Certificate Number CSR 9124, issued by the Court
10  Reporters Board of California and which is in full
11  force and effect.  (Fed. R. Civ. P. 28(a)).
12       I am authorized to administer oaths or
13  affirmations pursuant to California Code of Civil
14  Procedure, Section 2093(b) and prior to being
15  examined, the witness was first duly sworn by me.
16  (Fed. R. Civ. P. 28(a), 30(f)(1)).
17       I am not a relative or employee or attorney or
18  counsel of any of the parties, nor am I a relative
19  or employee of such attorney or counsel, nor am I
20  financially interested in this action.  (Fed. R.
21  Civ. P. 28).
22       I am the deposition officer that
23  stenographically recorded the testimony in the
24  foregoing deposition and the foregoing transcript is
25  a true record of the testimony given by the witness.

TESORO v. NATIONAL UNION FIRE
DANIEL GARRIE                                                10/7/2014

(Fed. R. Civ. P. 30(f)(1)).

Before the completion of the deposition, review of the transcript [ ] was [X] was not requested. If requested, any changes made by the deponent (and provided to the reporter) during the period allowed, are appended hereto. (Fed. R. Civ. P. 30(e)).

In witness whereof, I have hereunto set my hand this day: October 22, 2014.

_____
CHERYL M. PARRISH, CSR No. 9124