UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TESORO REFINING AND MARKETING COMPANY LLC, | § § § | No. SA:13-CV-931-DAE |
| Plaintiff, | § § | |
| vs. | § § | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, | § § § § | |
| Defendant. | § | |

ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AND
OVERRULING DEFENDANT'S OBJECTION TO SUPPLEMENTAL
EVIDENCE

Before the Court is a Motion to Strike filed by Plaintiff Tesoro Refining and Marketing Company LLC ("Plaintiff") (Dkt. # 186). Also before the court is an Objection to evidentiary materials submitted in a reply brief filed by Defendant National Union Fire Insurance Company of Pittsburgh, PA ("Defendant") (Dkt. # 188). The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule CV-7(h). After careful consideration of the supporting and opposing memoranda, and for the reasons that follow, the Court **GRANTS** Plaintiff's Motion to Strike and **OVERRULES** Defendant's Objection.

1

BACKGROUND

This case concerns Plaintiff's claim for reimbursement under a commercial crime insurance policy issued by Defendant. Both Plaintiff's Motion and Defendant's Objection arise out of the parties' motion practice which relates to Plaintiff's motion for partial summary judgment (Dkt. # 150). Plaintiff attached a separate statement of undisputed facts in support of its summary judgment motion (Dkt. # 150-1), and Defendant included a response to Plaintiff's statement of undisputed facts in its response in opposition (Dkt. # 175-37). Defendant also separately attached objections to Plaintiff's summary judgment evidence (Dkt. # 175-36) to its response. In its reply, Plaintiff attached a separate response to Defendant's evidentiary objections (Dkt. #185-2) along with a "Second Supplemental Appendix of Evidentiary Materials" (Dkt. # 185-3) that Plaintiff contends supports its response to Defendant's evidentiary objections.

Plaintiff filed its Motion to Strike portions of Defendant's response to Plaintiff's statement of undisputed facts on December 22, 2014. (Dkt. # 186.) Defendant filed a Response on December 29, 2014 (Dkt. # 187), and Plaintiff filed a Reply on January 5, 2015 (Dkt. # 189). Defendant filed its Objection to Plaintiff's second supplemental appendix of evidentiary materials on December 29, 2014 (Dkt. # 188), and Plaintiff filed a Response on January 5, 2015 (Dkt. # 190).

DISCUSSION

I.    Plaintiff's Motion to Strike

Plaintiff argues that Defendant's response to Plaintiff's statement of undisputed facts impermissibly contains legal argument and conclusions, and that such legal argument should be stricken from its response. (Dkt. # 186 at 1.) Plaintiff further requests that the Court consider those facts that Defendant has failed to rebut as admitted. (Id. at 1–2.) Defendant responds that there is no legal basis for Plaintiff's Motion to Strike because the local rules in this district do not provide for separate statements of undisputed facts. (Dkt. # 188 at 1.)

Federal Rule of Civil Procedure 56 provides that parties supporting or opposing summary judgment must cite "particular parts of materials in the record" or show that "the materials cited do not establish the absence or presence of a genuine dispute" in asserting that a fact is or cannot be genuinely disputed. Fed. R. Civ. P. 56(c)(1). Local rules often provide for the submission of statements of undisputed facts to assist courts in identifying the evidence supporting the parties' claims and determining whether there exist genuine disputes of material fact that would preclude the grant of summary judgment. See, e.g., E.D. Tex. Civ. R. 56(a); D. Haw. R. 56.1. Such rules streamline the resolution of summary judgment motions and prevent courts from "scour[ing] the record looking for factual disputes," or more colorfully, "engaging in the proverbial search for a needle in the

haystack." Waldridge v. Am. Hoescht Corp., 24 F.3d 918, 922 (7th Cir. 1994); Nw. Bank & Trust Co. v. First Ill. Nat'l Bank, 354 F.3d 721, 725 (8th Cir. 2003).

Where courts provide for the submission of statements of undisputed facts, such statements are generally required to include concise statements of material fact supported by citations to evidence in the summary judgment record. See, e.g., Unif. Loc. R. La. 56.1.; D. Haw. R. 56.1(a); C.D. Cal. R. 56-1. Responses generally must admit or dispute facts set forth in the moving party's statement and set out any additional material facts as to which there exists a genuine dispute, with citations to the record. See, e.g., Unif. Loc. R. La. 56.2; D. Haw. R. 56.1(b); C.D. Cal. R. 56-2. Neither statements of undisputed facts nor responses to them may include legal argument. See Nw. Bank & Trust Co., 354 F.3d at 725 (affirming district court's decision not to consider a response to a statement of material facts where it was "replete with conclusory allegations and legal argument"); Bordelon v. Chi. Sch. Reform Bd. of Trustees, 233 F.3d 524, 528 (7th Cir. 2000) (holding that a statement of material fact containing "evasive denials" and legal argument was subject to strike).

Defendant is correct that the Local Court Rules of the Western District of Texas, unlike those of many of its sister districts, do not provide for filing separate statements of undisputed facts in support of summary judgment motions. The Court may nevertheless consider such statements, even if not

provided for by rule, based on its inherent power "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." See Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc., 2 F.3d 1397, 1406 (5th Cir. 1993) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 360 (1962)); see also M.S. ex rel. A.L. v. El Paso Indep. Sch. Dist., 610 F. Supp. 2d 582, 586 n.2 (W.D. Tex. 2009) (considering statements of undisputed facts under a standing order).

The Court's power to consider responses to filings not provided for by rule is the same as that which allows it to consider (or decline to consider) the filings themselves. Defendant's argument that there is no legal basis to strike its response to Plaintiff's statement of undisputed facts as improper in the absence of a local rule is therefore unavailing. Defendant's response includes illusory denials, often introduced with the phrase, "disputed to the extent that Tesoro means to imply." Stated facts do not imply anything; each fact is stated for its truth and nothing more. Defendant may dispute a stated fact on the ground that it is not supported by admissible evidence, Fed. R. Civ. P. 56(c)(2), or on the ground that evidence in the record raises a genuine dispute as to the stated fact's truth or accuracy. Defendant may <u>not</u> dispute a fact based on how it anticipates that fact may be used in Plaintiff's legal arguments. Should Defendant find a stated fact ambiguous, it may explain the ambiguity, state its understanding of the stated fact,

and admit or deny that fact based on its understanding and citations to relevant record evidence.

Because Defendant's response to Plaintiff's statement of undisputed facts contains extensive legal argument and in many cases does not clearly admit or deny the stated facts, the Court **GRANTS** Plaintiff's Motion to Strike (Dkt. # 186). Rather than deem Plaintiff's statement of facts undisputed, however, the Court will allow Defendant to refile a response in accordance with this Order. The Court specifically directs that Defendant address the deficiencies in its responses to paragraphs 9–11, 14–15, 18–19, 23–24, 27, 31–38, 44, 46–49, and 55.

II.     Defendant's Objection to Plaintiff's Supplemental Evidence

Defendant objects to the evidence submitted with Plaintiff's partial summary judgment reply brief on the ground that it was not filed with Plaintiff's original summary judgment motion and therefore deprives Defendant of the right to respond to the newly-presented evidence. (Dkt. # 188 at 1.) Plaintiff argues that the evidence submitted with its reply brief was submitted in response to the evidentiary objections asserted by Defendant in its summary judgment response and does not include new evidence relied upon to support Plaintiff's motion for partial summary judgment. (Dkt. # 190 at 1–2.)

Plaintiff is correct, and Defendant's objection is without merit. The evidence submitted with Plaintiff's reply brief is attached in response to

Defendant's objections to Plaintiff's summary judgment evidence, and is used exclusively to rebut the evidentiary objections raised in Defendant's response. Plaintiff's reply brief does not use the attached evidence to support its motion for partial summary judgment or refer to the attached evidence at all.  The attached evidence is proper rebuttal evidence submitted to address arguments raised in Defendant's response brief, and thus may be properly considered by the Court. Defendant's Objection (Dkt. # 188) is therefore **OVERRULED**.

CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Strike (Dkt. # 186), and **ORDERS** that Defendant's amended response be filed within seven days of this Order.  The Court **OVERRULES** Defendant's Objection to Plaintiff's supplemental evidence (Dkt. # 188).

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, March 16, 2015.

_____
David Alan Ezra
Senior United States Distict Judge